Filed 11/7/13  P. v. Cook CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>JASON C. COOK,<br><br>        Defendant and Appellant. | C072995<br><br>(Super. Ct. No. 10F5282) |

        This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we affirm the judgment.

        We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

        Because this matter was resolved by plea, the facts are taken from the stipulated factual basis in the sheriff's report, as described in the probation report.

1

Defendant and his girlfriend Nichole Wagner got into an argument over a child custody issue. He grabbed her by the throat, lifted her off the ground and slammed her against a wall. He chased her outside, picked up a firewood log and threw it at her. Defendant then left with their daughter. A complaint deemed the information charged defendant with assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)),[1] child abuse (§ 273a, subd. (a)) and battery on a cohabitant (§ 243, subd. (e)(1)). The complaint also alleged defendant had served four prior prison terms. (§ 667.5, subd. (b).)

Defendant pleaded no contest to assault with a deadly weapon and admitted one prior prison term enhancement allegation. The trial court dismissed the remaining charges and enhancement allegations with a *Harvey*[2] waiver. The parties agreed to a sentencing lid of three years in prison.

The trial court sentenced defendant to an aggregate term of three years in prison and ordered defendant to pay a $720 restitution fine (§ 1202.4, subd. (b)) and imposed a $720 parole revocation fine, suspended unless defendant's parole was revoked; a $40 court security fee (§ 1465.8), a $30 court facilities assessment (Gov. Code, § 70373) and $688.50 in direct victim restitution (§ 1202.4, subd. (f)). The trial court awarded defendant 302 days of presentence custody credit. Defendant did not obtain a certificate of probable cause. (§ 1237.5.)

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and, pursuant to *Wende, supra*, 25 Cal.3d 436, requested the court to review the record and determine whether there are any arguable issues on appeal. Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have

---

[1] Undesignated statutory references are to the Penal Code.

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

elapsed and we have received no communication from defendant.  We have undertaken an examination of the entire record pursuant to *Wende*, and we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


                                               MURRAY_____, J.


We concur:


_____MAURO_____, Acting P. J.


_____HOCH_____, J.

3